UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BERNARD J. NUNNALLY,

    Petitioner,

v.                                        Case No. 3:20-cv-6018-LC-MJF

MARK INCH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Bernard J. Nunnally has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent ("the State") moves to dismiss the petition as untimely. (Doc. 8). Nunnally has not opposed the motion.[1] The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Nunnally's petition should be dismissed as untimely.[2]

---

[1] Nunnally's response deadline expired on April 5, 2021. (*See* Doc. 9).

[2] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I.   BACKGROUND AND PROCEDURAL HISTORY

On August 14, 2015, Nunnally was indited for First Degree Premeditated Murder—a capital felony—in Okaloosa County Circuit Court Case No. 2015-CF-1608. (Doc. 8, Ex. A1 at 7, lines 17-18; *see also* Fla. Stat. §§ 782.04(1)(a)1. and 775.082)).[3] On August 21, 2015, Nunnally was charged by information with one count of Racketeering and one count of Conspiracy to Commit Racketeering—both first degree felonies—in Okaloosa County Circuit Court Case No. 2015-CF-1609. (Ex. A-2 at 5, lines 17-20; *see also* Fla. Stat. §§ 895.03 and 895.04(1)).

On February 24, 2017, Nunnally resolved the charges by entering a counseled, negotiated plea agreement. (Ex. B1 at 63-67). The agreement provided that Nunnally would plead guilty in Case No. 2015-CF-1608 to the lesser included offense of Second Degree Murder with a Firearm with Discharge Resulting in Death; that he would be sentenced to 45 years of imprisonment with a 25-year mandatory minimum; and that would he testify truthfully as needed by the State Attorney's Office. (*Id*.). The agreement further provided that Nunnally would plead guilty in Case No. 2015-CF-1609 to both charges as charged, and that he would be sentenced

---

[3] Citations to the state court record are to the electronically-filed exhibits attached to the State's motion to dismiss. (Doc. 7). When a page of an exhibit bears more than one page number, the court cites the number appearing at the bottom center of the page.

to a total term of 30 years of imprisonment to run concurrently with the sentence imposed in Case No. 2015-CF-1608. (*Id*.).

Nunnally entered his guilty pleas at a plea hearing that day. (Ex. D2). The trial court accepted his pleas and sentenced him consistent with the plea agreement. (*Id*.; Ex. B1 at 69-74 (J. & Sentence)). On March 27, 2017, Nunnally filed a *pro se* motion to withdraw plea under Florida Rule of Criminal Procedure 3.170(*l*), in each case. (Ex. D1). The trial court conducted an evidentiary hearing, and denied the motions on December 18, 2017. (Ex. D4). Nunnally did not appeal the court's ruling, and did not appeal the judgment and sentence. (Ex. A1; Ex. A2; *see also* Doc. 1 at 2).

On October 21, 2019, Nunnally filed a *pro se* "Motion to Present Newly Discovered Evidence" in the state circuit court, alleging that he "was incompetent when he entered into the plea agreement because he was suffering from post traumatic stress disorder." (Ex. B1 at 22-31). On November 21, 2019, the circuit court entered an order striking the motion because Nunnally failed to sign it. (*Id*. at 32-33). Nunnally filed a *pro se* "Amended Motion to Present Newly Discovered Evidence" on December 5, 2019. (*Id*. at 34-41). The state circuit court dismissed the motion on January 28, 2020, as "facially and/or legally sufficient," with leave to amend within 60 days. (*Id*. at 42-44). Nunnally filed an amended motion on March 24, 2020. (*Id*. at 45-56). The court dismissed the motion with prejudice, finding the claim "still facially insufficient." (*Id*. at 57-74). The Florida First District Court of

Appeal ("First DCA") affirmed *per curiam* and without written opinion. *Nunnally v. State*, 307 So. 3d 632 (Fla. 1st DCA 2020) (Table) (copy at Ex. B3). The mandate issued December 1, 2020. (Ex. B4).

Nunnally filed his *pro se* federal habeas petition on December 18, 2020. (Doc. 1 at 18, 20). The State asserts that the petition is time barred. (Doc. 8).

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Nunnally's § 2254 petition, because the petition was filed after the AEDPA's effective date—April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Nunnally does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Nunnally's judgment became final. *See* 28 U.S.C. § 2244(d)(1).

Nunnally did not pursue direct review of his February 24, 2017, judgment; accordingly, his judgment became final for purposes of § 2244(d)(1)(A), at the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that for petitioners who do not pursue direct review all the way to the United States Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires.").

Nunnally's time to seek direct review of his judgment expired on January 17, 2018, which was the deadline for him to file a notice of appeal in the First DCA. *See* Fla. R. App. P. 9.140(b)(2)(A)(ii), (b)(3).[4]

The federal habeas limitations period began to run one day later, on January 18, 2018, and expired one year later, on January 18, 2019, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of the AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method"). Nunnally did not file any tolling application during that critical one-year period. *See* 28 U.S.C. § 2244(d)(2); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed

---

[4] Under Florida law, a defendant in a criminal case is required to commence his appeal within 30 days of rendition of a written order imposing sentence. Fla. R. App. P. 9.140(b)(3); *see also* Fla. R. App. P. 9.140(b)(2)(A)(ii). An order is rendered when a signed, written order is filed with the clerk of the lower tribunal. Fla. R. App. P. 9.020(h).

A timely filed motion to withdraw plea tolls rendition of the order imposing sentence until an order disposing of the motion is rendered. *See* Fla. R. App. P. 9.020(h)(1)-(2). To be timely, the motion to withdraw plea must be filed within 30 days after rendition of the sentence. *See* Fla. R. Crim. P. 3.170(*l*). The trial court disposed of Nunnally's timely motion to withdraw plea by order rendered December 18, 2017.

following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Nunnally's § 2254 petition, filed on December 18, 2020, is untimely by almost two years. Nunnally's untimely petition should be dismissed.

### III. CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas

petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

### IV.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's Motion to Dismiss (Doc. 8) be **GRANTED**.

2. The petition for writ of habeas corpus (Doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Bernard Jamill Nunnally*, Okaloosa County Circuit Court Case Nos. 2015-CF-

1608 and 2015-CF-1609, be **DISMISSED WITH PREJUDICE** as time barred.

3. The District Court **DENY** a certificate of appealability.

4. The clerk of court close this case file.

At Panama City, Florida, this 24th day of June, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**